IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> BUBBY MERN SHEPHERD, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE <br><br> Case No. 4:19-cr-00128-DN-PK-3 <br><br> District Judge David Nuffer <br> Magistrate Judge Paul Kohler |

Defendant Bubby Mern Shepherd filed a motion seeking compassionate release ("Motion").[1] The government and the United States Probation Office oppose Mr. Shepherd's Motion.[2] Because Mr. Shepherd fails to demonstrate extraordinary and compelling reasons to justify compassionate release, the Motion[3] is DENIED.[4]

## DISCUSSION

### Mr. Shepherd's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 293, filed Oct. 19, 2020.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 299, filed Nov. 10, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 297, filed under seal Oct. 27, 2020.

[3] Docket no. 293, filed Oct. 19, 2020.

[4] Mr. Shepherd did not timely file a reply brief in support of his Motion. Regardless, a reply brief could not have altered the determination on his Motion.

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8]

Mr. Shepherd is serving his term of imprisonment at the Southern Nevada Detention Facility in Parhump, Nevada ("SNDF").[9] This is a private facility run by CoreCivic, Inc.,[10] not the Bureau of Prisons. Because Mr. Shepherd "is not in federal custody, he is unable to apply for compassionate release through the [Bureau of Prison]'s normal administrative process."[11] Under these circumstances, Mr. Shepherd "has satisfied § 3582(c)(1)(A)'s exhaustion requirement and is eligible to apply for relief in this [court]."[12] Therefore, it is proper to consider the merits of Mr. Shepherd's Motion.

### Mr. Shepherd fails to demonstrate extraordinary and compelling reasons to justify compassionate release

Mr. Shepard argues that because his medical conditions place him in the high-risk category of suffering serious complications if he contracts COVID-19, extraordinary and

---

[6] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[7] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] Motion at 1, Response at 6.

[10] Motion at 1; Response at 6.

[11] *United States v. Lopez*, no. 18-CR-2846 MV, 2020 WL 2489746, *3 (D. N.M. May 14, 2020).

[12] *Id*. The government assumed for purposed of Mr. Shepherd's Motion that he had exhausted his administrative remedies. Response at 6.

compelling reasons exist to warrant compassionate release.[13] Mr. Shepard is 59 years old;[14] has served approximately 11 months of his 21-month prison sentence;[15] and he asserts that he suffers from Hepatitis C, cirrhosis of the liver, Peripheral vascular disease, and Sciatic Nerve damage.[16] Mr. Shepard also has already contracted COVID-19 and recovered.[17]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission has defined the phrase "to include serious medical conditions and the age of the defendant."[18] Specifically, "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[19]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served

---

[13] Motion at 1.

[14] Recommendation.

[15] Response at 2.

[16] Motion at 1.

[17] *Id.*; Recommendation.

[18] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[19] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

> at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[20]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[21]

Mr. Shepard fails to demonstrate that his medical conditions constitutes an extraordinary and compelling reason to warrant relief. He has contracted COVID-19 and recovered.[22] Mr. Shepard provides no evidence or argument regarding his likelihood of recovery for his other medical conditions, or that he is unable to provide self-care. And Mr. Shepard does not assert that he is receiving inadequate medical attention and medication for his conditions while in custody. On this record, Mr. Shepard fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment; or deteriorating physical health that substantially diminish his ability to provide self-care while in custody.

Mr. Shepard also fails to meet the age-based factors for extraordinary and compelling reasons to warrant relief. He is 59 years old.[23] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And he has not served at least 10 years or 75 percent of his prison term. He has served approximately 11 months of his 21-month prison sentence.[24]

---

[20] *Id*. at Commentary Application Notes 1(B).

[21] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

[22] Motion at 1; Recommendation.

[23] Recommendation.

[24] Response at 2.

Additionally, the combination of Mr. Shepard's medical conditions and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Mr. Shepard asserts that his medical conditions put him in the high-risk category for serious complications if he contracts COVID-19, and that over 25% of the SNDF inmate population has tested positive for COVID-19.[25] Additionally, Mr. Shepherd has not shown that he is any more likely to contract COVID-19 again while in custody than if released. Mr. Shepherd has not provided a release plan. On this record, Mr. Shepherd fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. Shepard compassionate release. Mr. Shepard was convicted of one count of Wire Fraud Conspiracy, in violation of 18 U.S.C. § 1349.[26] The offense conduct included Mr. Shepherd conspiring with his family members to defraud an elderly woman "(1) by soliciting payments of cash and assets in exchange for false promises to perform work for [the victim] and (2) by helping and encouraging Frank Powell to engage in a romance fraud in which he enticed [the victim] into a fake romantic relationship."[27] As part of his plea agreement, Mr. Shepherd stipulated to a 21-month prison sentence.[28] The serious nature and circumstances of Mr. Shepherd's offense, the appropriateness of his 21-month sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Mr. Shepherd.

---

[25] Motion at 1.

[26] Judgment in a Criminal Case ("Judgment") at 1, docket no. 250, filed July 29, 2020.

[27] Statement by Defendant Bubby Mern Shepherd in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) ¶ 11 at 4, docket no. 191, filed May 18, 2020.

[28] *Id*. ¶ 12.b. at 5.

Therefore, Mr. Shepherd has failed to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

## ORDER

IT IS HEREBY ORDERED that Mr. Shepherd's Motion[29] is DENIED without prejudice.

Signed December 30, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[29] Docket no. 293, filed Oct. 19, 2020.